IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWIGHT J PORTER,

      Plaintiff,

v.                                     CASE NO. 5:10-cv-00206-RS -GRJ

BAXTER, DOUGLAS,

      Defendants.

_____/

## O R D E R

This matter is before the Court upon the filing of: (1) Plaintiff's Motion for Extension of Time to submit Consent Form and Request for U.S. Marshals service forms (Doc. 10); (2) Plaintiff's Motion to Direct Secretary to Provide Defendant's Information (Doc. 13); (3) Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 5); and (4) Plaintiff's Motion for Appointment of Counsel. (Doc. 2).

Plaintiff's motion to extend time to submit the consent form (doc. 10) is now **MOOT**. The consent form has been received (Doc. 11) and the service forms (Form 285) Plaintiff requests are unnecessary for service of persons within the Department of Corrections.

Also unnecessary is the relief sought by Plaintiff in his motion to direct the Secretary to provide the current locations of any defendants no longer employed by the Florida Department of Corrections. (Doc. 13). The Court has a mechanism for obtaining this information in the event defendants have moved to other institutions or left their employment with the DOC. Consequently, this motion (doc. 13) is also **MOOT**.

Having now received Plaintiff's Prisoner Consent Form (Doc. 11) the pending

motion for leave to proceed *in forma pauperis* is ripe for review. (Doc. 5).  Considering

the information submitted, the motion for IFP is **GRANTED** to the extent that the case

may proceed without the prepayment of the entire filing fee.  Because Plaintiff has

insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as

provided in 28 U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total

$350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to

make monthly payments of twenty percent of the preceding month's income (that is, all

funds deposited into the account) credited to the account.  Upon receipt of this Order,

the agency having custody of Plaintiff shall forward payments from Plaintiff's account on

a monthly basis to the Clerk of Court each time the amount in the account exceeds

$10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.

The following information shall either be included on the face of the check from the

penal institution, cashier's check, or money order or attached thereto: (1) the full name

of the prisoner; (2) the prisoner's inmate number (#); and, (3) the Northern District of

Florida Case Number shown at the top of this order.  Checks or money orders which do

not have this information will be subject to return.  Accordingly, the **Clerk** shall mail a

copy of this Order by mail to: **Department of Corrections, Office of the General**

**Counsel, 2601 Blair Stone Road, Tallahassee, FL 32399-2500.**

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if

the agency with custody over him/her lapses in its duty to make payments on his/her

behalf.  For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff

should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

Plaintiff has also moved for appointment of counsel on the grounds that his claims have merit, they are complex, and extensive discovery will be required. (Doc. 2). However, a plaintiff in a civil case has no constitutional right to counsel. A court may appoint counsel for an indigent plaintiff under 28 U.S.C. §1915(e)(1), but it has broad discretion in making this decision. <u>Bass v. Perrin</u>, 170 F.3d 1312 (11th Cir. 1999). Only exceptional circumstances warrant appointment, such as where "core facts" are not in dispute and the legal issues are not so novel or complex as to require the assistance of a trained practitioner, even if the assistance of a lawyer would undoubtedly be helpful. <u>Id.</u>, at 1320; <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right).

Plaintiff claims that he was threatened, assaulted, and forced to work beyond his physical abilities while incarcerated at Graceville Correctional Facility. The Court is familiar with the law governing these type of claims, and Plaintiff should be familiar with the facts since he was directly involved in the incidents of which he complains. Thus, he should not require an attorney to conduct discovery since Plaintiff himself will know what witnesses and what other documentary evidence, such as medical records, will support his claims, and he should be able to obtain such information without the services of an attorney. Therefore, the motion to appoint counsel (doc. 5) is **DENIED** at this time.

## AMENDMENT OF COMPLAINT

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

Plaintiff alleges that he dislocated his left shoulder in 2005, and complained to Assistant Warden Douglas that his shoulder was painful when he was assigned to food services in 2008. His complaints were allegedly ignored by Douglas, and he was ordered to work in the kitchen by Defendant Durance until he declared a medical emergency and received a 30 day lay-in pass. He returned to work with a sling and was again ordered to work in the kitchen, despite declaring another medical emergency. According to Plaintiff, Defendant Simmons ignored his medical emergency and ordered him to work, following which Plaintiff slipped, injured his head, and was sent to the medical infirmary for several days. Upon his return from the infirmary, he alleges that Defendants Baxter, Douglas and Lee assaulted him, twisting his injured arm and choking him. Defendant Tyson allegedly brandished a noose in front of him and threatened to hang him and sodomize him with a broom stick. Defendants Baxter, Douglas and Lee then allegedly threatened to harm him if he told anyone or filed a grievance about the incident.

As an initial matter, Plaintiff has asserted no facts against Secretary Walter McNeil, and he should not be included as a defendant in an amended complaint since liability for damages cannot be imposed upon him in his individual capacity merely

because of his supervisory authority as Secretary of the Florida Department of Corrections.  See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff has also not asserted any facts or specific claims against Geo Group, Inc., which he identifies as a "private facility" in Tallahassee.  Thus, Plaintiff should also delete this "facility" from an amended complaint unless he has specific facts and claims to assert against this entity.

With regard to his claims that Defendants Durance and Simmons ordered him to work beyond his capabilities, Plaintiff should take note that non-medical officers are entitled to defer to the professional judgment of the facility's medical officers on questions of prisoner's medical care and whether an inmate can work without endangering his health.  Knight v. Wiseman, 590 F.3d 458 (7th Cir. 2009).  If Plaintiff's medical file did not support work restrictions that would preclude the kitchen work he was being told to perform, Plaintiff may not have a claim against these defendants, who were not responsible for assessing his medical condition and its affect on his abilities to work.  Liability will be imposed on non-medical personnel when an inmate has medical restrictions on his work duties, defendants knew of these restrictions, the inmate's work assignment was contrary to these restrictions, and defendants took no action to rescue inmate from work that was dangerous to his health and in fact caused injury to him. Williams v. Norris, 148 F.3d 983, 987 (8th Cir. 1998). See also Reeves v. Collins, 27 F.3d 174 (5th Cir. 1994) (correctional officers who directed an inmate to perform work beyond his physical capability were guilty of negligence at most when they ignored

inmate's complaints of pain and no medical restrictions were noted in inmate's file);

Rivera v. Dawson, No. 1:01 cv 673, 2005 WL 2284209 (E.D. Tex Aug. 25, 2005)

(correctional officers not liable for deliberate indifference when review of inmate's

medical records would not have provided them with information from which they could

have drawn an inference that the work detail they assigned him would pose a

substantial risk of harm).

Finally, Plaintiff has made serious allegations against Defendants Douglas,

Baxter, Lee and Tyson for excessive use of force and threats of retaliation for filing

grievances which infringe upon his First Amendment rights. If Plaintiff wishes to pursue

these claims, he should include them in an amended complaint.

To amend his complaint, Plaintiff should completely fill out a new civil rights

complaint form, marking it "Amended Complaint." The amended complaint must include

all of Plaintiff's claims in this action and should not refer back to the original complaint.

In amending, Plaintiff should carefully review the following to determine whether he can

present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution,
> laws or treaties of the United States. It is improper for the Plaintiff to merely
> list constitutional or federal rights. Further, Plaintiff must provide support in
> the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved
> in the alleged constitutional violation(s) in the body of the complaint. Plaintiff
> should note that in civil rights cases, more than conclusory and vague
> allegations are required to state a cause of action. Plaintiff must also show
> how he was harmed or injured by the actions and/or omissions of the
> defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged
> deprivation of constitutional rights or those persons who directed the action
> and/or omission that resulted in such deprivation.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion for Extension of Time to submit Consent Form and Request for U.S. Marshals service forms (Doc. 10) is **DEEMED MOOT**.

2.  Plaintiff's Motion to Direct Secretary to Provide Defendant's Information (Doc. 13) is **DEEMED MOOT**.

3. Plaintiff's Motion for leave to proceed in forma pauperis (doc. 5) is **GRANTED**.

4. Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **DENIED**.

5.  The **Clerk** is directed to send the Plaintiff a blank Civil Rights complaint form, which after carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall file on or before **October 8, 2010.**

4.  Failure to file an amended complaint within the allotted time will result in a recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 29th day of September, 2010.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

.