IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWIGHT J PORTER,

     Plaintiff,

v.                                                        CASE NO. 5:10-cv-00206-RS-GRJ

COLONEL BAXTER, et al,

     Defendants.

_____/

# O R D E R

Presently before the Court is Plaintiff's First Amended Complaint, alleging that excessive force was used against him, that he was threatened with death for using the grievance system, and that he was forced to work with a shoulder injury causing extreme pain. (Doc. 17).

Also before the Court is Plaintiff's second request for appointment of counsel entitled Motion for Discretionary Appointment of Counsel (Doc. 19), which adds nothing to Plaintiff's previous request and is denied for the reasons given in the Court's previous Order. (Doc. 16).

Plaintiff is required to file a second amended complaint to provide more information, in particular the dates of when the alleged acts took place so the Defendants can more fully respond to his claims. Plaintiff states he injured his shoulder in 2005 and was assigned to food service on October 29, 2007 but fails to provide any other dates for the incidents described. It is unnecessary to precisely pinpoint the exact dates for each of the events. However, Plaintiff should identify the time frame when the use of force occurred or when he slipped and hurt his head. Plaintiff has not done so

and has even failed to identify the month or year the events occurred.  Plaintiff should also provide some time frame when he was threatened by the Defendants so that the Defendants can respond to the claims and Court will be able to determine the alleged retaliatory effect of these threats on Plaintiff's First Amendment right to access the grievance process and the courts.

Moreover, Plaintiff has again named The GEO Group as a defendant for an unspecified "policy and custom" and based on its "authority" over its employees.  It is well established in the Eleventh Circuit that supervisory officials are not liable under 42 U.S.C. §1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir.2003); <u>McKinney v. DeKalb County</u>, 997 F.2d 1440, 1443 (11th Cir. 1993); <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir. 1990).  There *may* be supervisory liability if there is a policy of the employer/supervisor that results in deliberate indifference to constitutional rights by the employee, but Plaintiff does not describe such a policy or provide any facts to support this claim.  <u>See Cottone</u>, 326 F.3d at 1360.  From the facts provided thus far, Plaintiff's claims are against the individuals named in the complaint and not against their employer.  If Plaintiff cannot allege a policy or provide more facts that would make this private corporation liable for the incidents described, then he should delete this defendant as previously instructed.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to provide more specific facts to support his claims.  To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Second Amended Complaint."  An amended complaint completely replaces

all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R.

15.1.  Plaintiff should file the amended complaint in the Court and keep one identical

copy for himself.  In amending, Plaintiff should carefully review the following to

determine whether he can present allegations sufficient to state a cause of action:

> 1)  Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights.  Further, Plaintiff must provide support in the statement of facts for the claimed violations.

> 2)  Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint.  Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).

> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

Accordingly, it is **ORDERED:**

1.  The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form,

which he shall complete in full and file on or before **December 27, 2010.**

2.  Failure to comply with this Order in the allotted time will result in a

recommendation to the district judge that this cause be dismissed.

3.  Plaintiff's second Motion for Discretionary Appointment of Counsel (Doc. 19)

is **DENIED.**

**DONE AND ORDERED** this 7th  day of December 2010.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge