IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DWIGHT J. PORTER,

      Plaintiff,

v.                                       Case No.: 5:10-cv-206-RS-GRJ

 SIMMONS, et al.,

      Defendants.

_____/


**O R D E R**

      Defendant Dudley filed a Motion To Dismiss Or, In The Alternative, Motion For

Summary Judgment on March 21, 2011.  (Doc. 44.)  As of this date, Plaintiff has not

responded to the motion.  The Court shall grant Plaintiff a final opportunity to respond

to the motion as set forth below.

      Plaintiff is advised that summary judgment should be granted "if the pleadings,

the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  Thus a motion for summary judgment will result in

a final judgment without a full trial or any further proceeding, if the pleadings, sworn

affidavits, and other appropriate evidentiary materials properly filed in the record show

that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 245 (1986).

      In opposing a motion for summary judgment, the nonmoving party (in this case,

Plaintiff) is the party with the burden of proof. The rule does not require the party moving for summary judgment (in the instant case, Defendants) to submit evidence negating Plaintiff's claim, but instead to demonstrate ("with or without supporting affidavits") that the Rule 56(c) standard is satisfied. *Celotex*, 477 U.S. at 323.  Plaintiff must dispute or contradict the movants' arguments with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose specific facts, nor can he simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g., Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary materials which are acceptable in opposition to a motion for summary judgment include sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).  Materials submitted on a motion for summary judgment are viewed in the light most favorable to the nonmovant, but unreasonable and speculative inferences will not be drawn from the materials. *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by the movants in support of the motion for summary judgment may be accepted as true by the court if the nonmovant does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.  *Brown v. Shinbaum*, 828 F.2d 707 (11th

Cir. 1987).

In preparing his response to the motion for summary judgment, Plaintiff should

file and serve affidavits and any other documents or materials required by Fed. R. Civ.

P. 56 and Local Rule 56.1(A).   Plaintiff must also file a separate short and concise

statement of the material facts as to which it is contended that there exists a genuine

issue to be tried, *see* N.D. Fla. Loc. R. 56.1(A), or he must at least incorporate such a

statement in his response (as Defendant Dudley incorporated a statement of facts in his

motion).

Only those pleadings and evidentiary materials currently in the record or filed in

accordance with this Order will be considered by the Court in ruling on the motion for

summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file his response to Defendant Dudley's Motion To Dismiss Or, In
The Alternative, Motion For Summary Judgment (Doc. 44) as outlined above, **on
or before May 16, 2011**.

2.  If Plaintiff seeks to conduct discovery in this case he must file a motion to that
effect **on or before April 29, 2011**, specifying the particular discovery sought
and how the discovery is relevant to his opposition to the motion for summary
judgment.  **Plaintiff may not conduct discovery without prior Court approval.**

3. Failure to comply with this Order may result in a recommendation that the
Motion to Dismiss, Or in the Alternative Motion for Summary be granted.

**DONE AND ORDERED** this 18th day of April 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge