IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWIGHT J. PORTER,

    Plaintiff,

v.                                                Case No.: 5:10-cv-206-RS-GRJ

COLONEL BAXTER, et al.,

    Defendants.
_____/

## O R D E R

This prisoner civil rights case is before the Court on Plaintiff's Third Amended Complaint under 42 U.S.C. § 1983. (Doc. 25.) The case has been set for trial before District Judge Richard Smoak on June 24, 2013. (Doc. 69.) Plaintiff previously requested that the Court appoint counsel to represent him in this case, Docs. 2 and 19, and those requests were denied. (Docs. 16 and 20.) In light of the fact that the case has now been set for trial, the Court finds that it is appropriate to *sua sponte* reconsider its earlier rulings with respect to the issue of counsel.

While a plaintiff in a civil case has no constitutional right to counsel, a "court may request an attorney to represent any person unable to afford counsel," subject to the Court's discretion. 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999). Only exceptional circumstances warrant such a request, such as when a case presents "novel or complex" facts or legal issues that require the assistance of a trained practitioner. *Bass*, 170 F.3d at 1320. In determining whether "exceptional circumstances" warrant appointment of counsel, the Court may consider various factors, including: (1) the type and complexity of the case, (2) whether the indigent is

capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982) (cited with approval in *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir.1990)).

Plaintiff in this case is a prisoner in the custody of the Florida Department of Corrections, at Calhoun Correctional Institution. He claims that after writing grievances related to being forced to work beyond his physical abilities, Defendants—all correctional officers at the prison—physically assaulted him. He claims that after this incident, Defendants threatened to beat him to death if he filed additional grievances. While the Court previously determined that Plaintiff did not require the assistance of an attorney at the discovery stage, the Court now finds that on the eve of trial, Plaintiff would be better served by legal representation. This is particularly true in light of Plaintiff's claim that he has deficiencies in his eyesight, stutters, and has "extreme difficulties in oral communication." (Doc. 19, at 2.)

Plaintiff is advised that under 28 U.S.C. § 1915(e)(1), the Court may request representation for Plaintiff, but the Court may not compel an attorney to take Plaintiff's case and the Defendant is not entitled to appointment of counsel at government expense. Accordingly, Plaintiff's motions for appointment of counsel, Docs. 2 and 19, may be granted to the degree that efforts will be made to secure representation for Plaintiff. Plaintiff must be aware, however, that there is no guarantee that an attorney will agree to take the case.

Accordingly, it is **ORDERED**:

1. Plaintiff's motions for appointment of counsel, Docs. 2 and 19, are reconsidered *sua sponte* and granted to the extent that the Court will publish on the Court's website a request for counsel to assist Plaintiff in this case.

2. The **Clerk** is directed to publish on the United States District Court for the Northern District of Florida's website an announcement pertaining to this case, regarding Plaintiff's request for the assistance of counsel.

**DONE AND ORDERED** this 12th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge